UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:                                                          Chapter 11

2280 FDB LLC,                                                   Case No. 25-44773-ESS

                              Debtor.

-------------------------------------------------------------x

## SECURED CREDITOR'S LIQUIDATING SALE PLAN
## <u>OF LIQUIDATION FOR 2280 FDB LLC</u>

New York, New York
May 14, 2026

GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP
Kevin J. Nash
Bryant P. Churbuck
125 Park Avenue, 12th Floor
New York, New York 10017
Tel: (212) 221-5700
Fax: (212) 221-6532
knash@gwfglaw.com
bchurbuck@gwfglaw.com

*Attorneys for 2280 FDB Funding LLC*

2280 FDB Funding LLC (the "**Secured Creditor**," or the "**Secured Creditor**"), a secured creditor of 2280 FDB LLC (the "**Debtor**"), hereby proposes the following *Secured Creditor's Liquidating Sale Plan of Liquidation for 2280 FDB LLC* (the "**Liquidating Sale Plan**") for the Debtor's chapter 11 case pursuant to sections 1121, 1122 and 1123 of title 11 of the United States Code.

## ARTICLE I

## FRAMEWORK

This is essentially a two-party dispute between the Debtor and the Secured Creditor relating to the mortgage loan encumbering the Debtor's condominium units located at 2280 Frederick Douglas Boulevard, Units 12A, 12E, RTU and CFU, New York, NY 10027 (collectively, the "Property"). The Debtor allowed exclusivity to lapse under 11 U.S.C. § 1121 and has not advanced this Chapter 11 case in any meaningful way. Among other things, the Debtor has failed to make any adequate protection payments to the Secured Creditor. Additionally, the Debtor has not filed an application to sell the Property, refinance the debt, or even retain a broker.

To break the holding pattern, the Secured Creditor is filing this Liquidating Sale Plan to sell the Property (the "Sale") on a post-confirmation basis based on separate bid procedures to be submitted to the Court for approval in conjunction with the Confirmation Hearing. The proceeds generated from the Sale (the "Sale Proceeds") will be used to pay creditors in accordance with the bankruptcy priority scheme under 11 U.S.C. § 507. The Sale itself shall be conducted by a Plan Administrator designated hereunder after completion of a marketing and auction process utilizing a broker. If debtor-in-possession funds are not available, the Secured Creditor is prepared to pay allowed Administrative and Priority Claims on the Effective Date so as to meet the requirements of 11 U.S.C. § 1129(a), plus satisfy the Claim of the Condominium Board and establish a GUC Reserve of $10,000 to make a pro rata distribution for general unsecured creditors.

# ARTICLE II

## DEFINITIONS

Terms not otherwise defined shall have the following meanings for purposes of the Liquidating Sale Plan.

2.1     **"Administrative Bar Date"** means the first Business Day that is 10 business days after the Effective Date.

2.2     **"Administrative Claim"** means a Claim for the costs and expenses of administering this Chapter 11 case under §§ 503(b) and 507(b) of the Bankruptcy Code, including: (a) the actual and necessary costs and expenses of maintaining and preserving the Property; and (b) Professional Fee Claims.

2.3     **"Allowed Claim"** means a Claim against the Debtor that has not been disallowed pursuant to a final order of the Bankruptcy Court and is not a Disputed Claim with respect to which (i) a Proof of Claim has been timely filed with the clerk of the Bankruptcy Court or, (ii) if no Proof of Claim has been filed, that has been or hereafter is listed by the Debtor in the Schedules as liquidated in amount and not disputed or contingent.

2.4     **"Bar Date"** means June 1, 2026 (or July 1, 2026 with respect to Governmental Units), the date fixed by Order of the Bankruptcy Court entered on February 16, 2026 [ECF No. 29], subsequent to which date a Proof of Claim may not be timely filed.

2.5     **"Claim"** means (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

2.6     **"Claims Objection Deadline"** means the 30th day following the Effective Date.

2.7     **"Closing Date"** means the date of the closing of the sale of the Property.

2.8     **"Condominium Board Claim"** means the means the Secured Claim of the Board of Managers of the 2280 FDB Condominium, together with all riders and exhibits thereto, filed in this case on March 11, 2026, designated as claim number 2, in the amount of no less than $9,294.93 as of the Petition Date.

2.9     **"Confirmation Date"** means the date on which the Confirmation Order is entered by the Bankruptcy Code.

2.10     "**Confirmation Hearing**" means the hearing or hearings before the Bankruptcy Court to consider approval of the Liquidating Sale Plan.

2.11     **"Confirmation Order"** means an Order confirming the Liquidating Sale Plan pursuant

2

to section 1129 of the Bankruptcy Code.

2.12    **"Creditor"** means a holder of an Allowed Claim.

2.13    **"Debtor"** means 2280 FDB LLC.

2.14    **"Disputed Claim"** means (a) any claim that is listed in the Schedules as disputed, contingent or unliquidated and with respect to which no Proof of Claim has been filed; (b) any Claim that has not been disallowed and with respect to which an objection to the allowance thereof, in whole or in part, has been interposed within the applicable period of limitation fixed the Bankruptcy Court.

2.15    **"Effective Date"** means the date of entry of the Confirmation Order.

2.16    **"Guarantor"** means Hans Futterman.

2.17    **"Guaranty"** means that certain Guaranty of Recourse Carveouts dated November 30, 2022 made by the Guarantor in favor of the Secured Creditor.

2.18    **"Interest"** means an equity interest in the Debtor.

2.19    **"Liquidating Sale Liquidating Sale Plan"** means this *Secured Creditor's Liquidating Sale Plan of Liquidation for 2280 FDB LLC*, as it may be amended, supplemented or modified from time to time, and includes any exhibits or schedules annexed hereto or required to be filed with the Bankruptcy Court pursuant hereto.

2.20    **"Petition Date"** means September 30, 2025, the date on which the Debtor commenced its case by the filing of its voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2.21    **"Plan Administrator"** means the person designated by the Secured Creditor prior to the Confirmation Hearing on the Liquidating Sale Plan as approved by the Confirmation Order.

2.22    **"Priority Tax Claim"** means an Allowed Claim of a Governmental Unit of the kind specified in section 507(a)(8) of the Bankruptcy Code.

2.23    **"Professional"** means all professionals employed by the Debtor under section 327 of the Bankruptcy Code.

2.24    **"Professional Fee Claim"** means a Claim for compensation for services rendered, and reimbursement of expenses incurred by Professionals as awarded by final order of the Bankruptcy Court following application in accordance with sections 330 and 331 of the Bankruptcy Code.

2.25    **"Sale Order"** means an Order approving the Sale and authorizing the sale of the Property to the Sale Purchaser.

2.26    **"Sale Purchaser"** means the entity to whom the Property is sold pursuant to the Sale as approved by the Bankruptcy Court.

2.27    **"Secured Creditor"** means 2280 FDB Funding LLC.

2.28    **"Secured Creditor's Secured Claim"** means the Secured Claim of the Secured

3

Creditor on account of its loan to the Debtor as set forth in the Secured Creditor's Proof of Claim, together with all riders and exhibits thereto, filed in this case on October 15, 2025, designated as claim number 1, in the amount of no less than $2,287,404.00 as of the Petition Date, plus post-petition interest and fees.

2.29    "**Tenant Causes of Action**" means, without limitation, any and all actions, causes of action, controversies, rights, suits, damages, judgments and remedies whatsoever, whether known or unknown, foreseen or unforeseen, reduced to judgment, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, secured or unsecured, assertible directly or derivatively, existing or hereafter arising, in law or equity against tenants or occupants of the Property.

2.30    **"Transfer Taxes"** means, without limitation, (a) New York City (RPT) and New York State (TP 584) deed and transfer taxes as applicable relating to the sale of the Property, and (b) any and all other stamp taxes or similar taxes, all of which are exempt pursuant to § 1146(a) of the Bankruptcy Code.

2.31    **"Unsecured Claim"** means an Allowed Claim which is not an Administrative Claim, a Bankruptcy Fee, an Insider Claim, a Priority Claim, a Priority Tax Claim, or a Secured Claim.

2.32    "**U.S. Trustee Fees**" means fees payable pursuant to 28 U.S.C. § 1930, together with any statutory interest.

## ARTICLE III

## TREATMENT OF UNCLASSIFIED CLAIMS

3.1    Pursuant to section 1123(a) of the Bankruptcy Code, the Liquidating Sale Plan does not classify Administrative Claims, Priority Tax Claims or U.S. Trustee Fees, all of which shall be paid in full as required by 11 U.S.C. § 1129(a)(9) on or about the Effective Date or shortly thereafter.

3.2    **Administrative Bar Date.** Requests for payment of and/or Proof of Administrative Claims must be filed no later than the Administrative Bar Date.  Holders of Administrative Claims that do not file Proofs of Administrative Claims on or before the Administrative Bar Date shall be forever barred from asserting such Claims against the Secured Creditor, Debtor or its Property.

3.3    **Administrative Claims.** Each Allowed Administrative Claim, to the extent not previously paid in the regular course of business, shall be paid by the Secured Creditor, or paid from cash deposits in the Debtor's debtor-in-possession accounts, or from the Sale Proceeds.

3.4    **Professional Fee Claims.**  After notice and a hearing, the allowed Professional Fee Claims shall be paid by the Secured Creditor, or paid from cash deposits in the Debtor's debtor-in-

possession accounts, or from the Sale Proceeds.

3.5    **Priority Tax Claims.**  All Allowed Priority Tax Claims shall be paid by the Secured Creditor, or paid from cash deposits in the Debtor's debtor-in-possession accounts, or from the Sale Proceeds.

3.6    **Bankruptcy Fees.**  All outstanding U.S. Trustee Fees, together with any interest thereon, shall be paid shall be paid in full by the Secured Creditor, or paid from cash deposits in the Debtor's debtor-in-possession accounts, or from the Sale Proceeds.

## ARTICLE IV

## CLASSIFICATION OF CLAIMS AND INTERESTS

Allowed Claims are classified as set forth in Articles 4 and 5.  A Claim is in a particular Class designated herein only to the extent such Claim (i) fits within the description of such Class (and is in such other and different Class or Classes to the extent that the remainder thereof fits within the description of such other Class or Classes), and (ii) has not been paid, released or otherwise satisfied prior to the Effective Date.  Both Class 1 and Class 3 Claims are impaired and therefore are eligible to vote on the Liquidating Sale Plan.

4.1    **Class 1 – Secured Creditor's Secured Claim.**  Class 1 consists of the Allowed Secured Creditor's Secured Claim.

4.2    **Class 2 – Other Secured Claims.**  Class 2 consists of the Allowed Claims of the Condominium Board has filed in the sum of $9,294.93.  *See* Claim No. 2.

4.3    **Class 3 – General Unsecured Claims.**  Class 3 consists of pre-petition Allowed General Unsecured Claims, excluding any deficiency claims of the Secured Creditor.

4.4    **Class 4 – Equity Interests.**  Class 4 consists of all Allowed Interests in the Debtor.

# ARTICLE V

## TREATMENT OF CLAIMS AND INTERESTS

5.1    **Class 1 – Secured Creditor's Secured Claim.**  The Secured Creditor shall be paid up to the full amount of its secured claim on the Closing Date from the Sale Proceeds after payment of Administrative Claims, Professional Fee Claims, Priority Tax Claims, and the Class 2 Claim of the Condominium Board.  If the Property is sold to the Secured Creditor by credit bid, then on the Closing Date, the Secured Creditor, or its designee, shall take title to the Property free and clear of all claims, liens, taxes and interests in consideration for funding the obligations due under the Liquidating Sale Plan to Unclassified Claims, the Class 2 Claim, and Class 3 Claims in conjunction with the distribution of the cash deposits in the Debtor's debtor-in-possession accounts.

5.2    **Class 2 – Condominium Claim.**  The Class 2 Condominium Claim shall be paid in full by the Secured Creditor, or from cash deposits in the Debtor's debtor-in-possession accounts, or from the Sale Proceeds.

5.3    **Class 3 – General Unsecured Claims.** Class 3 General Unsecured Claims shall receive up to the full amount of their allowed claims on the Closing Date (or a pro rata portion thereon) after payment in full of Unclassified Claims, the Class 1 Claim, and the Class 2 Claim; *provided, however,* if the amount of such remaining cash from the Sale Proceeds available to pay Allowed Class 3 Claims is less than $10,000.00, the Secured Creditor will fund a minimum pro rata distribution of $10,000 to holders of Allowed Class 3 General Unsecured Claims (the "GUC Reserve").

5.4    **Class 4 – Equity Interests.**  No payments shall be made on account of the Interests held by the Debtor's equity holders.  Their Interests may be cancelled following the effective Date of the Liquidating Sale Plan in the most tax beneficial manner possible.  Class 4 Equity Interests are Impaired, and the holders of Equity Interests are entitled to vote to accept or reject the Liquidating Sale Plan.

## ARTICLE VI

## TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.1     **Pass Through Assumption and Assignment of Executory Contracts.**  The Debtor is party to various commercial and residentials leases (collectively, the "Leases") with tenants occupying the Property (both lawfully and unlawfully).  For purposes of the sale of the Property to the Successful Purchaser, all existing Leases shall be deemed assumed and assigned to the Successful Purchaser without formal treatment under the Liquidating Sale Plan, except that the Successful Purchaser shall retain the right to seek to evict and remove all unlawful or delinquent tenants.  Any defaults asserted by tenants against the Debtor shall be addressed in the ordinary course of business between the Successful Purchaser and the tenants, with the Successful Purchaser being assigned all rights and claims and defenses with respect to the Tenant Causes of Action.

## ARTICLE VII

## MEANS FOR IMPLEMENTATION OF THE LIQUIDATING SALE PLAN

7.1     **Sale Free and Clear of All Claims, Liens, Taxes and Interests.**  The Liquidating Sale Plan shall be implemented and funded through the sale and transfer of the Property to the Successful Purchaser.

7.2     **Provisions Relating to the Sale of the Property:**

i.      **Free and Clear Sale.**  The sale and transfer of the Property to the Successful Purchaser shall be made pursuant to the Sale Order as ratified by the Confirmation Order, free and clear of all liens, claims, taxes and interests pursuant to 11. U.S.C. § 1123 (a)(5).

ii.     **Good Faith Purchaser.**  The sale of the Property to the Successful Purchaser is being undertaken in good faith without collusion or fraud. As a result of the foregoing, the Successful Purchaser is entitled to be treated as a good faith purchaser under Section 363(m) of the Bankruptcy Code.

iii.    **Transfer of Assets.**  The Property shall remain in the Debtor's estate under § 541(a) of the Bankruptcy Code until the Effective Date of the Liquidating Sale Plan.  Upon closing of the Sale, the Property shall be transferred and conveyed to the Successful Purchaser as provided above.  All residual cash on deposit in the debtor-in-possession accounts shall be retained by the Plan Administrator

7

> to help fund payment of Administrative Expenses, U.S. Trustee Fees, Class 2 Claims, plus the establishment of the GUC Reserve. The Confirmation Order shall contain appropriate provisions authorizing and directing the Plan Administrator to execute and deliver title to the Property, and to perform any act that is necessary, or may be requested by the Successful Purchaser, for the consummation of the Liquidating Sale Plan on the Effective Date.

7.3    **The Plan Administrator.** Effective immediately on the Effective Date, the Plan Administrator is designated, appointed and vested with full authority and control over the Debtor and its assets, and to effectuate the transactions and distributions contemplated pursuant to the terms of the Liquidating Sale Plan, including issuance of the deed and other conveyances to complete the Sale and making distributions to creditors, in a manner consistent with the terms and conditions of the Liquidating Sale Plan. The Plan Administrator has the powers and responsibilities of a disbursing agent in all respects as it relates to all matters set forth in the Liquidating Sale Plan or Confirmation Order. All distributions under the Liquidating Sale Plan shall be made by the Plan Administrator.

7.4    **Post-Confirmation Turnover of Rents**. Upon the Effective Date, the Debtor shall turnover to the Plan Administrator all cash depositions and collections of any rents in the Debtor's possession, custody or control.

7.5    **Transfer Taxes.** Pursuant to section 1146(a) of the Bankruptcy Code, the Sale and the transfer of the Property to the Successful Purchaser constitutes the making or delivery of an instrument of transfer pursuant to or in connection with the Liquidating Sale Plan and, therefore, the Sale shall not be subject to any stamp, real estate transfer, or other similar tax or governmental assessment in the City and State of New York. The Confirmation Order shall direct and be deemed to direct the appropriate state or local governmental officials or agents, including the City Register, New York County, to forgo the collection of any such tax or governmental assessment under the City RPT or the State TP 584 and to accept for filing and recordation instruments or other documents pursuant to or in connection with such transfers without the payment of any transfer taxes, consistent with the exemptions under 11 U.S.C. Section 1146(a).

## ARTICLE VIII

## PROVISIONS GOVERNING DISTRIBUTIONS

8.1 **Method of Payment**. Unless otherwise expressly agreed, in writing, payments to be made pursuant to the Liquidating Sale Plan shall be made at the times and in the amounts set forth in the Liquidating Sale Plan by electronic funds wire transfer or by check drawn on a domestic bank.

8.2 **Disputed Claims Reserves**. No distributions shall be made with respect to any Disputed Claims. Instead, the Plan Administrator shall establish a Disputed Claims Reserve equal to 100% of the pro rata distribution that would be otherwise distributed under the Liquidating Sale Plan to the holder of a Disputed Class Claim that would become an Allowed Claim, but for the dispute.

8.3 **Prosecution of Objections**. The Debtor, Plan Administrator, and Secured Creditor shall have the right to file, settle, compromise, withdraw or litigate, to final order of the Bankruptcy Court or judgment, objections to Disputed Claims, which shall be served and filed on or before the Claims Objection Deadline.

## ARTICLE IX

## CONFIRMATION AND CONSUMMATION OF THE LIQUIDATING SALE PLAN

9.1 **Injunction against Interference with the Liquidating Sale Plan.** The entry of the Confirmation Order shall forever stay, restrain and permanently enjoin as of the Effective Date: (a) the commencement or continuation of any action, the employment of process, or any act to collect, enforce, attach, recover or offset from any Property of the Debtor's estate, including the Property sold and transferred under this Liquidating Sale Plan; or (b) the creation, perfection or enforcement of any lien or encumbrance against the Property sold and transferred under this Liquidating Sale Plan. Because this Liquidating Sale Plan provides for the liquidation of all or substantially all of the Property of the Debtor's estate, the confirmation of the Liquidating Sale Plan will not result in a discharge of the Debtor's pre-petition obligations and claims, although all pre-petition obligations are being settled

and resolved.  Upon the Effective Date, all holders of Claims against or Interests in the Debtor shall be enjoined from taking any actions to interfere with the implementation or consummation of the Liquidating Sale Plan or the sale and transfer of the Property.

9.2    **Conditions to Effective Date**.  The Liquidating Sale Plan will become effective upon entry of the Confirmation Order in form and substance satisfactory to the Secured Creditor.

9.3    **Conditions to Effective Date.**  The Closing Date will not occur unless and until the Secured Creditor is satisfied that:

(a)    The Bankruptcy Court shall have entered the Sale Order in form and substance satisfactory to the Secured Creditor.

(b)    All documents and agreements necessary to effectuate the Sale have been executed and delivered in form and substance satisfactory to the Secured Creditor.

9.4    **Execution of Other Documents.**  The Debtor or the Plan Administrator shall execute, release and deliver all documents reasonably necessary to consummate the transactions contemplated by the terms and conditions of this Liquidating Sale Plan.

9.5    **Limitation as to Liability.** Neither the Debtor nor the Plan Administrator shall have or incur any liability to any person or entity for any action taken or omitted to be taken in connection with or related to the sale of the Property or formulation, dissemination, consummation or administration of this Liquidating Sale Plan, the Disclosure Statement or any contract, instrument, release or other agreement or document created or entered into, or the distribution of the Property under this Liquidating Sale Plan, or any other action taken or omitted to be taken in connection with this Chapter 11 case, except for willful misconduct or gross negligence, breach of fiduciary duty, criminal conduct or ultra vires actions that causes actual damages.  In addition, any release, exculpation or limitation of liability provided for in this Liquidating Sale Plan shall not release any attorney from any obligations owed under Rule 1.8(h) of the New York Rules of Professional Conduct for malpractice liability.  Nothing in the Liquidating Sale Plan nor the Confirmation Order shall effect a

10

release of any claim by the United States Government or any of its agencies or any state and local authority, including without limitation any claim arising the Internal Revenue Code, the environmental laws or any criminal laws of the United States or any state and local authority against (i) the Debtor, or (ii) any of the Debtor's members, shareholders, officers, directors, employees, attorneys, advisors, agents, representatives, and assigns.  In addition, subject to sections 524 and 1141 of the Bankruptcy Code, the releases, exculpations, and limitations of liability described herein shall not preclude police, federal tax, or regulatory agencies from fulfilling their statutory duties.

9.6    **Binding Effect.**  Subject to the occurrence of the Effective Date, the Liquidating Sale Plan shall bind every holder of a Claim against or Interest in the Debtor and inure to the benefit of and be binding on such holder's respective heirs, successors and assigns, regardless of whether the Claim or Interest of such holder is impaired under the Liquidating Sale Plan and whether such holder accepted the Liquidating Sale Plan.

## ARTICLE X

## RETENTION OF JURISDICTION

10.1    **Execution of Other Documents.**  The Plan Administrator shall execute, release and deliver all documents reasonably necessary to consummate the transactions contemplated by the terms and conditions of this Liquidating Sale Plan.

10.2    **Retention of Jurisdiction.**  The Bankruptcy Court shall retain post-confirmation jurisdiction over the following matters:

(a)    To allow or disallow in whole or in part any objections filed prior to the Claim Objection Deadline as may be extended.

(b)    To grant or deny the applications for allowance of final compensation and reimbursement of expenses of Professionals.

(c)    To enter an Order and final decree concluding this Chapter 11 case following the Sale of the Property and payment of Allowed Claims.

11

(d)    To allow, disallow, determine, liquidate, classify, estimate, or establish the treatment of any Claim.

(e)    To enter and implement such orders as may be necessary or appropriate to execute, implement, enforce or consummate the provisions of the Liquidating Sale Plan and the Sale of the Property.

## ARTICLE XI

## GENERAL PROVISIONS

11.1    **Contents of Confirmation Order.**  The Confirmation Order shall be in form and substance satisfactory to the Secured Creditor, and may contain various provisions deemed necessary to clarify, implement or enforce the Liquidating Sale Plan and Sale of the Property.

11.2    **Orders in Aid of Consummation.**  Pursuant to §§ 105, 1141, 1142 and 1143 of the Bankruptcy Code, the Bankruptcy Court may enter one or more orders in aid of confirmation and/or consummation of the Liquidating Sale Plan directing the implementation of matters or actions required by the Liquidating Sale Plan.

11.3    **Compliance with Tax Requirements.**  In connection with the Liquidating Sale Plan, the Plan Administrator shall comply with withholding and reporting requirements imposed by federal, state and local taxing authorities, if any, and distributions under the Liquidating Sale Plan shall be subject to applicable withholding and reporting requirements.

11.4    **Amendments and Modifications.**  The Liquidating Sale Plan may be altered, amended or modified by the Secured Creditor at any time before the substantial consummation of the Liquidating Sale Plan, as provided in §§ 1101 and 1127 of the Bankruptcy Code and Bankruptcy Rule 3019.

11.5    **Request for Relief under § 1129(b).**  The Debtor may request confirmation of the Liquidating Sale Plan under § 1129(b) of the Bankruptcy Code as may be necessary.

11.6    **Quarterly Fees.**  All fees payable pursuant to 28 U.S.C. § 1930, together with any applicable interest thereon, shall be paid by the Plan Administrator until the closing of this Chapter 11 case under 11 U.S.C. §350(a).

11.7    **Post-Confirmation Reports.**  Following the Effective Date of the Liquidating Sale Plan, the Plan Administrator shall file with the Court quarterly post-confirmation status and disbursement reports, with such reports to be filed (i) each quarter, by the 20th day after the conclusion of the relevant reporting quarter, (ii) utilizing forms promulgated in compliance with 28 CFR § 58.8, and (iii) until the entry of a final decree closing this case, conversion of this case to Chapter 7, or dismissal, whichever happens earlier.

11.8    **Notice of the Effective Date**. The Plan Administrator shall file with the Court a notice of the occurrence of the Effective Date of the Liquidating Sale Plan within five (5) business days of the occurrence thereof.

11.9    **Final Decree**.  Within 14 days following the full administration of the bankruptcy case but not later than 18 months following the entry of the Order confirming the Liquidating Sale Plan, the Plan Administrator shall file, on notice to the United States Trustee, an application and a proposed order for a final decree pursuant to Bankruptcy Rule 3022.

Dated: New York, New York
        May 14, 2026

2280 FDB Funding LLC

GOLDBERG WEPRIN FINKEL
GOLDSTEIN LLP
Attorneys for the 2280 FDB Funding LLC
125 Park Avenue, 12th Floor
New York, NY 10017

By:    /s/ Igor Vaysberg, Authorized Signatory

By:    /s/ Kevin J. Nash, Esq.